[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 26, 2006
THOMAS K. KAHN
CLERK

No. 06-11463
Non-Argument Calendar

_____

D. C. Docket No. 05-00254-CR-J-25-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC DEMONE CARPENTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 26, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Eric Demone Carpenter appeals his conviction and 120-month sentence for

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).

After review, we affirm.

## I. BACKGROUND

Defendant Carpenter, a convicted felon, was arrested after police pulled over the car he was driving and found a loaded pistol and a loaded Intratec 9mm firearm. A grand jury indicted Carpenter with possessing the pistol and ammunition (the bullets found in the two weapons) after being convicted of three felonies. Carpenter was not indicted for possession of the Intratec 9mm as it was manufactured in Florida and had not traveled in interstate commerce.

Prior to trial, the government moved to exclude evidence that Carpenter had been acquitted in state court for weapon-possession charges relating to the same incident. The district court granted the motion.

At trial, the government presented evidence that detectives with the Jacksonville Sheriff's Office observed a car parked on the wrong side of the road with its doors open. When they turned around to investigate, the car was pulling away. The officers effected a traffic stop. The passenger, Ricardo Panton, immediately jumped out of the car as if to flee, but was apprehended. Defendant Carpenter, the driver, remained in the car.

As Detective Steve Brown approached the car, he observed it shaking and someone moving around inside. When Detective Brown reached the driver-side

2

door, another officer signaled that he had observed a gun in the car. A search of the car revealed a loaded Intratec 9mm firearm between the passenger seat and transmission hump and a loaded pistol in the hatchback area. Officers also found crack cocaine on the passenger Panton when he was searched.

At trial, a fingerprint examiner testified that he had found a half-print matching Carpenter's fingerprints on the Intratec 9mm's magazine. A Bureau of Alcohol, Tobacco and Firearms ("ATF") agent testified that the pistol and ammunition recovered from the car were manufactured outside Florida and had traveled in interstate commerce to arrive in Florida. The ATF agent also test-fired the pistol and confirmed that it was operational.

At the close of the government's case, Defendant Carpenter moved for a judgment of acquittal, arguing that the government had failed to show that he exercised control over the pistol. The district court denied the motion.

Carpenter testified in his defense. Although Carpenter was the driver of the car, Carpenter denied any knowledge of the firearms or having ever touched the magazine of the Intratec 9mm firearm. Carpenter also claimed that Panton had confessed to possessing the firearms while in a holding cell and had drafted a written statement, which had later disappeared. Carpenter did not renew his motion for a judgment of acquittal at the close of his case. The jury found

3

Carpenter guilty of possessing both the pistol and the ammunition.

The presentence investigation report ("PSI") assigned Carpenter a base offense level of 24, pursuant to U.S.S.G. § 2K2.1(a)(2), because Carpenter had committed the offense after two prior felony convictions. The PSI recommended a 2-level increase for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, because Carpenter had lied during his trial testimony. With a total offense level of 26 and a criminal history category of VI, Carpenter's advisory guidelines range was 120 to 150 months' imprisonment. However, because Carpenter's statutory maximum sentence was 10 years, pursuant to 18 U.S.C. § 924(a)(2), his advisory guidelines sentence was 120 months. See U.S.S.G. § 5G1.1(a) (stating that, where the statutory maximum sentence is less than the guidelines range, the guidelines sentence is the statutory maximum sentence).

Carpenter raised no objections to the PSI. At sentencing, the district court reviewed the guidelines calculations in the PSI, stating, "The guidelines for 26/VI would be 130. The range would be 130 months to 162 months, and since the maximum is 120 months, that's the only sentence available under the guidelines."[1] Carpenter agreed that the guidelines calculations were correct, and the district court

---

[1]The district court misstated Carpenter's guidelines range as 130 to 162 months. In fact, Carpenter's range, absent the statutory maximum sentence, was 120 to 150 months as identified in the PSI. However, the district court properly concluded that Carpenter's advisory guidelines sentence was 120 months based on the statutory maximum.

adopted the PSI's facts and guidelines calculations. Carpenter requested that the district court impose a sentence below the advisory guidelines sentence because he already had spent time in jail and had been tried in state court based on the same incident. Carpenter also argued that he came from a dysfunctional family, that he had children for whom he had to care, that he had been keeping out of trouble and that he was innocent.

The district court concluded that Carpenter's state court trial was not a proper reason under 18 U.S.C. § 3553(a) to vary from the advisory guidelines sentence. The district court stated its concern about Carpenter's criminal history, which showed a pattern of past violence and the potential for future violence. The district court sentenced Carpenter to 120 months' imprisonment. Carpenter filed this appeal.

## II. DISCUSSION

### A.    Sufficiency of the Evidence

A conviction for a violation of § 922(g) requires proof beyond a reasonable doubt that: (1) the defendant was a convicted felon; (2) the defendant was in knowing possession of a firearm; and (3) the firearm was in or affecting interstate commerce. United States v. Jernigan, 341 F.3d 1273, 1279 (11th Cir. 2003). Carpenter contends that there was insufficient evidence that he knowingly

5

possessed the pistol and ammunition found in the car he was driving.[2]

The government need not prove actual possession of the firearm; rather, "it need only show constructive possession through direct or circumstantial evidence. United States v. Greer, 440 F.3d 1267, 1271 (11th Cir. 2006). A defendant has constructive possession if he "exercises ownership, dominion, or control over the item or has the power and intent to exercise dominion or control." Id.

Here, the government presented sufficient evidence from which a reasonable jury could find beyond a reasonable doubt that Carpenter possessed the pistol and the ammunition. Certainly, it cannot be said that the government's evidence of possession was so tenuous as to be shocking. Carpenter was driving the small car in which the two loaded firearms and ammunition were found. See United States v. Gonzalez, 71 F.3d 819, 835 (11th Cir. 1996) (concluding that there was sufficient evidence of constructive possession where driver had ready access to gun in glove compartment, even though car belonged to third person). The pistol was found in the car's hatchback, which could be accessed from inside the car. The driver's seat had been adjusted to a position that leaned back toward the backseat of the car. As

--------

[2]Where, as here, the defendant fails to renew a motion for a judgment of acquittal at the close of the defense case, we will reverse only to prevent a manifest miscarriage of justice. United States v. Greer, 440 F.3d 1267, 1271 (11th Cir. 2006). The manifest miscarriage of justice standard requires a finding "that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." Id. (quotation marks omitted).

Detective Brown approached the car, Carpenter was still inside and the car was shaking. In fact, the government's evidence included several photographs of the car and the inside of the car revealing how relatively small the interior of the car was and how accessible the firearms were to the driver. Indeed, from this evidence, the jury reasonably could have inferred that Carpenter had been moving about inside the car in order to hide the pistol.

Moreover, Carpenter's fingerprint was found on the magazine of the loaded Intratec 9mm, the other firearm found in the car. This evidence supported a reasonable inference that Carpenter loaded the Intratec 9mm. Although Carpenter testified that he had no knowledge of the guns and did not touch the Intratec 9mm's magazine, the jury was free to disbelieve him based on the contradictory circumstantial and physical evidence. Where, as here, the jury disbelieves a defendant's testimony, the discredited testimony constitutes substantive evidence of the defendant's guilt. See United States v. Woodard, 459 F.3d 1078, 1087 (11th Cir. 2006).

## B.     Evidence of Acquittal

Carpenter argues that the district court erred in excluding evidence at trial of his acquittal on state weapon possession charges.[3] Unlike judgments of conviction,

_____

[3]We review evidentiary rulings for abuse of discretion. United States v. Bradberry, 466 F.3d 1249, 1253 (11th Cir. 2006).

7

judgments of acquittal are hearsay, are not covered by an exception to the hearsay rule, and are generally inadmissible. United States v. Irvin, 787 F.2d 1506, 1516-17 (11th Cir. 1986). Even if otherwise admissible, a district court has broad discretion to exclude evidence of a prior acquittal under Federal Rule of Evidence 403 "because its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Id. at 1517. Therefore, the district court did not abuse its discretion by excluding evidence of Carpenter's prior acquittal as inadmissible hearsay and as unfairly prejudicial.

## C. Extra-verdict Enhancements

Carpenter contends that the district court erred under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2004), when it applied career offender and obstruction of justice enhancements under a mandatory guidelines scheme. Under Booker, a defendant's Sixth Amendment rights are violated when, under a mandatory guidelines system, the district court increases the defendant's sentence based on facts, other than a prior conviction, not found by the jury or admitted by the defendant. 543 U.S. at 244, 125 S. Ct. at 756. Here we find no Booker error.

The district court sentenced Carpenter after the Supreme Court decided Booker and the record shows that the district court was aware that, post-Booker, the guidelines are merely advisory. Carpenter relies upon statements by the district

court, taken out of context, in which the district court merely noted that, due to the statutory maximum, the only sentence available under the guidelines was 120 months. Nothing in the record suggests that the district court believed that the guidelines sentence was binding rather than advisory. Indeed, the record as a whole shows that the district court understood the guidelines to be advisory and recognized its authority to vary from them.

It is well-settled that, when the district court applies the guidelines in an advisory manner, nothing in Booker prohibits the district court from imposing guidelines enhancements based on facts found by the judge by a preponderance of the evidence. See United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005); United States v. Rodriguez, 398 F.3d 1291, 1301-02 (11th Cir.), cert. denied, 545 U.S. 1127, 125 S. Ct. 2935 (2005). Moreover, Booker does not apply to enhancements based on prior convictions, which since Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), have been exempted from indictment and jury-proof requirements of the Fifth and Sixth Amendments. See Booker, 543 U.S. at 244, 125 S. Ct. at 756. As this Court has repeatedly explained, we are bound by Almendarez-Torres unless and until it is explicitly overruled by the Supreme Court. See, e.g., Greer, 440 F.3d at 1273-76; United States v. Gibson, 434 F.3d 1234, 1246-47 (11th Cir.), cert. denied, __ U.S. __, 126 S. Ct. 2911

9

(2006).

For all these reasons, we affirm Carpenter's 120-month sentence.

**AFFIRMED.**